954 F.2d 732
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Roger E. SIMPSON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3449.
 United States Court of Appeals, Federal Circuit.
 Nov. 20, 1991.
 
 Before PAULINE NEWMAN, ARCHER and MICHEL, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 ORDER
 
 1
 Roger E. Simpson petitions for review of the decision of the Merit Systems Protection Board, No. DE844E9110033 (May 31, 1991), affirming the reconsideration decision of the Office of Personnel Management (OPM) denying Simpson's application for a disability retirement annuity. We dismiss for lack of jurisdiction over the sole issue on appeal.
 
 
 2
 In 1989 Mr. Simpson was removed from his position as a carrier technician for the United States Postal Service for failure to meet the physical requirements of his position. Mr. Simpson applied for a disability retirement annuity. OPM denied the application and, following a hearing, the administrative judge, finding the medical evidence insufficient, sustained OPM's ruling.
 
 
 3
 In Lindahl v. Office of Personnel Management, 470 U.S. 768 (1985), the Supreme Court held that the factual underpinnings of 5 U.S.C. § 8347(c)[1] disability determinations may not be judicially reviewed. Our jurisdiction to review decisions denying applications for disability retirement, with exceptions not applicable here, is limited to determining whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some error 'going to the heart of the administrative determination.' " Lindahl, 470 U.S. at 791 (quoting Scroggins v. United States, 397 F.2d 295, 297 (Ct.Cl.), cert. denied, 393 U.S. 952 (1968)); Lee v. Office of Personnel Management, 762 F.2d 987, 988 (Fed.Cir.1985).
 
 
 4
 In essence, Mr. Simpson is merely in disagreement with the factual underpinnings of the disability decision; the gist of his position is that under the facts he is actually disabled. See Hammond v. Office of Personnel Management, 784 F.2d 392, 393 (Fed.Cir.1986). Under these circumstances dismissal is appropriate. Lee, 762 F.2d at 988.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 Simpson's petition for review is dismissed for lack of jurisdiction over the sole issue presented on appeal.
 
 
 
 [1]
 Section 8347(c) of 5 U.S.C. is the identical predecessor to 5 U.S.C. § 8461(d), the statute at issue here